UNITED STATES of America,
Plaintiff–Appellee,

v.

Cedric Eugene CORL, Defendant–
Appellant.

No. 12–15496
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 2, 2013.

Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Terry Flynn, U.S. Attorney's Office, Tallahassee, FL, Pamela C. Marsh, Francis Todd Williams, U.S. Attorney's Office, Gainesville, FL, for Plaintiff–Appellee.

Darren James Johnson, Federal Public Defender's Office, Gainesville, FL, Chet Kaufman, Randolph Patterson Murrell, Federal Public Defender's Office, Tallahassee, FL, for Defendant–Appellant.

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Cedric Corl pled guilty to violating 18 U.S.C. § 2259(a) by failing to register as required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 et seq. The district court sentenced him to 18 months' imprisonment, to be followed by a 10–year term of supervised release. On appeal, Mr. Corl challenges the supervised release term as substantively unreasonable, arguing that the district did not adequately justify such a lengthy period of supervised release.

Insofar as procedural and substantive reasonableness concerned, our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). For the reasons which follow, we affirm.

We find no abuse of discretion with respect to the 10–year term of supervised release. First, we note that the district court had to impose a minimum 5–year term of supervised release, and could have placed Mr. Corl on supervised release for life. *See* 18 U.S.C. § 3583(k). Second, Mr. Corl had two prior convictions for sex-related misconduct (a battery in 1999 for improperly touching an 8–year old girl and an attempted second-degree rape in 2005 involving his nephew's girlfriend). *See* Presentence Investigation Report at ¶¶ 31–32. Third, Mr. Corl had failed to register as a sex offender for several years following his release from prison in 2008. *See* Change of Plea Hearing Transcript [D.E. 49] at 17–18. On this record, the district court had sufficient reason to conclude that "a lengthy term of supervision [was] warranted." *See* Order on Defendant's Objection to Sentence [D.E. 39] at 1. *See also United States v. Brewer*, 628 F.3d 975, 978 (8th Cir.2010) (upholding 15–year term of supervised release for defendant who failed to register as a sex offender).

We also find no procedural error. Not only did the district court expressly say that a lengthy term of supervised release was necessary, the record showed that Mr. Corl traveled to other states to work as a welder, and the district court explained that during "the term of supervised release the probation officer can help [Mr. Corl] comply with the registration requirements and allow him to engage in work opportunities." *See* Order on Defendant's

Objection to Sentence at 1. This is not a case like *United States v. Fraga*, 704 F.3d 432, 441–42 (5th Cir.2013), where the district court erred by suggesting that it "automatically defaulted to the imposition of a lifetime term" of supervised release.

**AFFIRMED.**